The. Counsel for Watts filed a petition for a re-hearing.

It is not proposed to re-examine the decision of the court on the plaintiff’s assignment of error, but to shew such is the attitude of the plaintiff in the pleading, in the record, that the court cannot lawfully reach the error of which he complains.
In the first place, the plaintiff’s declaration is insufficient, and in the next place, he demurred to a sufficient plea, the fourth plea of the defendant; and the issue on that, and also on the demurrer to the declaration, remain in the record. If either of these issues be for the defendant, the plaintiff cannot revise any subsequent decision of the court, as is fully established by countless decisions; the authorities will be cited so soon as they can be collected; but it is plain, a party, who has shown no cause of action in his declaration, or has, by his demurrer, confessed the truth of a sufficient bar to his action, cannot complain of error, afterwards committed in the cause. The plaintiff’s declaration is ill, because there is no sufficient averment of the payment of the $100, which is a condition precedent to the conveyance of the land, the right of which is assessed for breach. The first declaration is notin the cause, and ought not to have been transcribed. It was demurred to, and thereupon, the plaintiff moved the court, “and leave was given him to amend his declaration, by filing a new one in lieu of that filed, which was then filed and on record.”
This is the language of the order. In the new declaration, it is said, “the defendant had notice that all things had been well and truly kept, and performed, and fulfilled, by said plaintiff, on behalf of *112 said William Shelburn, according to the tenor and effect, and true interest and meaning of the said covenant, aforesaid» to wit: on the-day of-at coun*y and aforesaid; yet protesting that sajd Jeremiah Watts, since the said persons signed the assignment aforesaid, so made as aforesaid, hath not performed, or fulfilled, or kept any thing in the said covenant contained, on his part and behalf, to be performed, fulfilled, and kept, according to the tenor, and effect, true intent, and meaning of said covenant; and the said Robert Scott, in fact, says, that said Jeremiah Watts hath broken the same in this, to wit: that said Jeremiah Watts, did not, when said $100 roas paid to him, or his assigns, make to said Robert Scott, a special deed to said fifty acres of land. Now, when was said $ 100 paid to said Watts, or his assigns? and to whom was it paid; Watts or his assigns? This is no averment, that the ‡ 100 was ever paid. It never can be recognized as such, Until not only all form, but all substance is legislated, and adjudged away. Watts had assigned the ‡100 to another, or he had not; and this declaration leaves the question.
In this running recital, contained in this clause, in the attitude of negative payment, it is not said to whom the payment may have possibly been made, whether to the defendant or his assigns; and if to the latter, who they are, nor how many there may have been of them.
The court cannot help this man, without sacrificing all substance and form, in pleading! This sacrifice cannot be had for him. Parties must conform to the rules of law, and not éxpect the law to bend to their shapeless complaints. The general averment) that the plaintiff had, for Shelburn, performed every thing to be performed on his part, if such an averment can be collected out of what is said, will not answer for an averment of the performance of a condition, precedent,concurrent, or dependent. The performance of such conditions^ must be specially aver-ed, as has been ruled over and over again, since the Johnson law.
The fourth plea is a good one. It distinctly avers the plaintiff did not, by himself, or another, pay said *113 Sum of $100, mentioned in the writing, declared on before the commencement of this suit; and this, thé plaintiff" confessed by his demurrer.
To which the court, by Judge Underwood, returned the following response.
The declaration is substantially good, and the fourth plea radically defective; being a jumble of various matters, instead of presenting 'one issuable fact-.
Motion for re-héaring, overruled.